UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HOME LOAN INVESTMENT BANK, F.S.B.<br><br>Plaintiff,<br><br>v.<br><br>NORMAN A. GAGNON and REBECCA M. GAGNON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>) |

**5 North Main Street, Andover, County of Oxford, State of Maine
Mortgage recorded in Oxford (East) County Registry of Deeds in Book 4103, Page 136**

## COMPLAINT

NOW COMES Plaintiff Home Loan Investment Bank, F.S.B. ("Plaintiff") by and through its undersigned counsel, Duane Morris LLP, for its Complaint against Defendants Norman A. Gagnon and Rebecca M. Gagnon ("Defendants"), respectfully shows:

### THE PARTIES

1. Plaintiff is a savings and loan association created and existing under the laws of the United States of America. Plaintiff's main office and its headquarters are located in Warwick, Rhode Island. It is therefore, a citizen of Rhode Island.

2. Defendants are both residents of either Roxbury or Rumford, County of Oxford and are citizens of the State of Maine.

### JURISDICTION, VENUE AND VICINAGE

8. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.

1

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a note currently owned and held by Plaintiff, in which the Defendants the obligors and the total amount owed under the terms of the Note is $235,069.95 as of October 17, 2019, plus attorney fees and costs associated with the instant action.

10. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

11. Pursuant to Rule 3(b), Local Rules of the United States District Court for the District of Maine, this matter should be assigned to the Portland Vicinage insofar as the property which is the subject of this action is located in Oxford County.

## COUNT I – FORECLOSURE BY CIVIL ACTION

12. Defendants are the owners of the real property located at 5 North Main Street, Andover, County of Oxford, State of Maine (the "Property") by virtue of a deed (the "Deed") from Norman A. Gagnon to Defendants, dated February 28, 2000 and recorded in the Oxford County Registry of Deeds on March 31, 2000 in Book 2804, Page 127. A copy of the Deed is attached hereto as Exhibit A.

13. On March 15, 2007, Defendants executed and delivered to Ocean Bank, F.S.B. a certain note with a principal balance of $295,000.00 (the "Note"). A copy of the Note is attached hereto as Exhibit B.

14. To secure the Note, Defendants executed and delivered to Ocean Bank, F.S.B. a mortgage dated March 15, 2007 and recorded in the Oxford (East) County Registry of Deeds in Book 4103, Page 136 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit C.

15. On or about March 28, 2007, Ocean Bank, F.S.B. changed its name to Home Loan Investment Bank, F.S.B. A true and correct copy of the Certificate of Name Change is attached hereto as Exhibit D.

16. Plaintiff is the holder of the Note and Mortgage.

17. Plaintiff is the owner of the Note.

18. Defendant is in default of the Note, having failed to make the monthly payment due June 1, 2019, and having failed to make all payments due thereafter. As a result, a condition of the Mortgage has been breached.

19. In compliance with the Note and Mortgage, on August 2, 2019, Plaintiff caused to be sent a Notice of Right to Cure Default to Defendants by certified mailing (the "Default Letters"). A copy of the Default Letter is attached hereto and made a part hereof as Exhibit E.

20. Defendants have failed to cure the default. In accordance with the Mortgage, and by reference the Note, Plaintiff has declared the entire indebtedness presently due and payable.

21. In order to protect its security interest, Plaintiff likely will be further compelled during the pendency of this action to advance payments for tax, water and sewer assessments, insurance premiums, and other charges affecting the Property, or some part thereof, and Plaintiff requests that any such sum or sums to be paid be added to the Note and be deemed secured by the Mortgage and be further deemed a valid lien on the Property.

22. As of October 17, 2019, the total amounts due to Plaintiff under the terms of the Note and Mortgage are: the outstanding principal balance in the amount of $207,928.01, accrued interest in the amount of $4,736.76, escrow balance in the amount of $13,981.25, late charges in the amount of $3,734.87 and a fee balance of $4,689.06 for a total of $235,069.95 with

additional interest accruing on said principal balance from and including October 18, 2019 at the rate of $39.8766 per day.

23.     By virtue of Defendants' breach of the terms of the Note and Mortgage, Plaintiff, is entitled to: (i) judgment in its favor and against Defendants in the amount of $235,069.95, together with interest from October 18, 2019, at the rate of $39.8766 per diem to the date of judgment, and other costs and charges collectible under the mortgage; (ii) an order setting the priority of the liens, in accordance with the allegations set forth above; (iii) a Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S.A. §6322, and allowing for the sale to be conducted in accordance with 14 M.R.S.A. §6323 or, in the alternative, by the United States Marshal Service; and (iv) an Order allowing exclusive possession of the real estate to Plaintiff upon the expiration of the statutory 90 day period of redemption.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter an order that forever bars and forecloses all rights, claims, liens and any equity of redemption in the Property of Defendants, and every person whose conveyance or encumbrance is subsequent or subsequently recorded after the filing of a copy of the Complaint instituting this action in the Oxford County Registry of Deeds.

B. Enter an order setting the priority of the parties and amounts due such parties, in accordance with the allegations set forth in the Complaint;

C. Enter judgment in favor of Plaintiff and against Defendants in the amount of $235,069.95, together with interest from October 18, 2019, at the rate of $39.8766 per diem to the date of judgment, and other costs and charges collectible under the Note and Mortgage;

D. Enter Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S.A. §6322, and allowing for the sale to be conducted in accordance with 14 M.R.S.A. §6323 or, in the alternative, by the United States Marshal Service;

E. Enter an Order against Defendants allowing Plaintiff to be paid the amount adjudged to be due to Plaintiff, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expense of said sale;

F. Enter an Order that Defendants are liable for any deficiency balance remaining due to Plaintiff after the sale of the Property and application of the proceeds of the sale;

G. Enter an Order allowing exclusive possession of the real estate to Plaintiff upon the expiration of the statutory 90-day period of redemption.

H.      Grant Plaintiff such other relief as the Court may determine to be just and equitable.

Dated: October 24, 2019                                    Respectfully submitted,

By      /s/ Elizabeth M. Lacombe
Elizabeth M. Lacombe
**DUANE MORRIS LLP**
100 Pearl Street, Suite 1415
Hartford, CT 06103
Phone (215) 979-1577
Email: emlacombe@duanemorris.com

and

Brett L. Messinger
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
Phone (215) 979-1508
Email: blmessinger@duanemorris.com

*Attorneys for Home Loan Investment Bank, F.S.B.*

**NOTICE: THE LAW FIRM OF DUANE MORRIS LLP IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.  IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY WHICH DISCHARGED THIS DEBT, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF A LIEN AGAINST PROPERTY.**