UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HOME LOAN INVESTMENT BANK, F.S.B. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORMAN A. GAGNON and REBECCA M. )<br>GAGNON, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 2:19-cv-00493-DBH |

**PLAINTIFF HOME LOAN INVESTMENT BANK, F.S.B.'S MOTION TO EXTEND TIME TO RECORD COMPLAINT PURSUANT TO 14 M.R.S.A. § 6321**

NOW COMES, Plaintiff Home Loan Investment Bank, F.S.B. ("*Plaintiff*"), by and through its undersigned counsel, and herby moves this court to extend the time for Plaintiff to record its complaint pursuant to 14 M.R.S.A. § 6321, through December 30, 2019.  As grounds therefore, Plaintiff states the following:

1. Plaintiff filed its Complaint for Foreclosure on October 24, 2019.

2. An Order granting Plaintiff's Motion for Entry of Default was entered on December 13, 2019.

3. The procedural requirements for commencing a foreclosure by civil action in Maine state courts are found in 14 M.R.S.A. § 6321.

4. Specifically, § 6321 requires that "the mortgagee shall within 60 days of commencing the foreclosure also record a copy of the complaint … in each registry of deeds in which the mortgage deed is or by law ought to be recorded…."

5. Plaintiff, through its counsel, attempted to e-record a certified copy of its Complaint in compliance with 14 M.R.S.A. § 6321, but the Oxford County Registry of Deeds would not permit the e-recording.

6. Plaintiff thereafter took steps to deliver the certified copy of its Complaint to the Registry of Deeds for recording, but the actual recording of the Complaint was delayed until December 30, 2019 – just one week beyond the 60 day timeframe set forth in 14 M.R.S.A. § 6321.

7. The recording of the Complaint is akin to a lis pendens, and it provides record notice of the filing of the lawsuit, and is therefore a purely ministerial procedural requirement. 14 M.R.S.A. § 6321 ("The failure to provide the notice required by this section does not affect the validity of the foreclosure sale.").

8. F.R. Civ. P. 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect."

9. Plaintiff's failure to timely record the complaint for foreclosure constitutes excusable neglect because its counsel made a good faith effort to timely record the complaint but was faced with unanticipated obstacles in doing so.

10. Accordingly, Plaintiff requests that the time by which it must record the complaint to be extended through December 30, 2019, the date on which a certified copy of Plaintiff's Complaint was recorded.

Wherefore, Plaintiff prays that this Court extend the time by which to record its Complaint through December 30, 2019, the date on which a certified copy of Plaintiff's Complaint was recorded.

Dated: January 2, 2020　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By　　/s/ Elizabeth M. Lacombe
　　　　　　　　　　　　　　　　　　　Elizabeth M. Lacombe
　　　　　　　　　　　　　　　　　　　**DUANE MORRIS LLP**
　　　　　　　　　　　　　　　　　　　100 Pearl Street, Suite 1415
　　　　　　　　　　　　　　　　　　　Hartford, CT 06103
　　　　　　　　　　　　　　　　　　　Phone (215) 979-1577
　　　　　　　　　　　　　　　　　　　Email: emlacombe@duanemorris.com

　　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　　Brett L. Messinger
　　　　　　　　　　　　　　　　　　　**DUANE MORRIS LLP**
　　　　　　　　　　　　　　　　　　　30 South 17th Street
　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　Phone (215) 979-1508
　　　　　　　　　　　　　　　　　　　Email: blmessinger@duanemorris.com

　　　　　　　　　　　　　　　　　　　***Attorneys for Home Loan Investment Bank, F.S.B.***

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HOME LOAN INVESTMENT BANK, F.S.B.<br><br>Plaintiff,<br><br>v.<br><br>NORMAN A. GAGNON and REBECCA M. GAGNON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:19-cv-00493-DBH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, Elizabeth M. Lacombe, hereby certify that a copy of foregoing was filed electronically through the ECF system and will be sent electronically to any registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants on January 2, 2020.


Dated: January 2, 2020        By:    /s/ Elizabeth M. Lacombe
                                     Elizabeth M. Lacombe
                                     **DUANE MORRIS LLP**
                                     100 Pearl Street, Suite 1415
                                     Hartford, CT 06103
                                     Phone: (215) 979-1577
                                     Email: emlacombe@duanemorris.com