U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED
FEB 12 2020
CHRISTA K. BERRY, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| HOME LOAN INVESTMENT BANK, F.S.B. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-cv-00493-DBH |
| ) | |
| NORMAN A. GAGNON and REBECCA M. ) | |
| GAGNON, ) | |
| ) | |
| Defendants. ) | |

## Judgment of Foreclosure and Sale
### Title to Real Estate is Involved

**5 North Main Street, Andover, County of Oxford, State of Maine**
**Mortgage recorded in Oxford (East) County Registry of Deeds in Book 4103, Page 136**

After entry of a default judgment, the Court finds as follows:

1. That the parties have received notice of the proceedings in this action, and that the notice was given in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

2. That venue is properly laid in this Court.

3. That Plaintiff Home Loan Investment Bank, F.S.B. (*"Plaintiff"*) is entitled to judgment as a matter of law.

4. That Defendants Norman A. Gagnon and Rebecca M. Gagnon (*"Defendants"*) are in breach of the terms of a certain promissory note held by Plaintiff dated March 15, 2007, (the "Note"), with such breach constituting a default by the Defendants, and upon such default, proper notice of default was sent to the Defendants.

5. That the default of the Note caused a breach of the Mortgage.

6. That Plaintiff is the mortgagee of record of a mortgage securing the Note and recorded in the Oxford (East) County Registry of Deeds in Book 4103, Page 136 (*"Mortgage"*). The Mortgage encumbers real estate located at 5 North Main Street, Andover, ME 04216 (*"Property"*). The legal description of the Property is incorporated herein by reference and attached hereto as Exhibit A.

7. That as of January 13, 2020, the following amounts are owed to Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---|
| a. Principal Balance | $207,928.01 |
| b. Accrued Interest (with a per diem of $38.4524) | $8,227.38 |
| c. Late Charges | $4,037.93 |
| d. Escrow Advances | $13,981.25 |
| e. Fees | $12,092.72 |
| **TOTAL** | **$246,267.29** |

Plaintiff is entitled to add any post-judgment attorney's fees and disbursements in connection with the foreclosure. Plaintiff is also entitled to add any additional amounts advanced by Plaintiff regarding its mortgage security.

8. That the order of priorities and amount of the claims of the parties who have appeared in this action for distribution from the proceeds of sale, after payment of expenses of sale, in this case are as follows:

 a. Plaintiff in the amount of **$246,267.29** plus accrued interest from and including January 14, 2020 at the rate of 6.75% interest per annum, $38.4524 per day, to the date of judgment plus interest after judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment plus further legal fees and expenses incurred by Plaintiff as described in Paragraph 7 above, plus any amounts advanced by Plaintiff related to its mortgage security, including but not limited to insurance premiums and real estate taxes;

 b. Clerk of the Court: any excess proceeds from sale, pursuant to 14 M.R.S.A. § 6324.

10. That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

> Home Loan Investment Bank, F.S.B.
> c/o Brett L. Messinger
> DUANE MORRIS LLP
> 30 South 17th Street
> Philadelphia, PA 19103
> *Plaintiff*

Norman A. Gagnon
1711 Roxbury Road
Roxbury, ME 04275
*Defendant*

Rebecca M. Gagnon
1711 Roxbury Road
Roxbury, ME 04275
*Defendant*

10. That Plaintiff's claim for attorney fees is not integral to the relief sought, within the meaning of F.R.Civ.P. 54.

11. That Defendants have not appeared in this action or requested mediation.

12. That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for Attorney's fees and disbursements and additional amounts advanced by Plaintiff related to its mortgage security incurred by Plaintiff after the date of this Judgment, for the following reasons:

   a. If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S.A §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

   b. The Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

   c. Any dispute regarding post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security may be resolved by the Defendants filing a motion contesting Plaintiff's Report of Public Sale as provided in 14 M.R.S.A. § 6324.

**WHEREFORE**, it is hereby Ordered and Decreed:

A. That if Defendants do not pay Plaintiff the amounts adjudged to be due to Plaintiff as set forth in Paragraph 8(a) above within ninety (90) days from the date of entry of this Order, Plaintiff (through its agents or attorneys) shall proceed with a sale of the Property described in the Mortgage, pursuant to 14 M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 8 above;

B. That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to Rule 54, except as to any additional post-judgment

Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security;

C. That if Defendants fail to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order, or within such additional time as Plaintiff may in its sole discretion allow, Plaintiff shall be entitled, at its option, to take exclusive possession of the Property described in Plaintiff's Mortgage, and the Clerk shall issue a Writ of Possession at the request of Plaintiff;

D. That an execution shall issue against Defendants for any deficiency, provided the requirements are met, but that no deficiency shall issue against any Defendant who has received a discharge in bankruptcy for this debt , nor shall a deficiency issue against anyone who did not actually execute a promissory note or other document creating an obligation to pay;

E. That Plaintiff is entitled, at its option, to have a receiver appointed to collect the rents of the Property pursuant to the Mortgage;

F. That Plaintiff shall specify Attorney's fees and disbursements incurred after the date of judgment in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements, notwithstanding the requirements of F.R.Civ.P. 54(d)(2)(B) to file such application within fourteen (14) days after judgment; Defendant may contest the Report and application for additional Attorney's fees and disbursements by filing a motion pursuant to 14 M.R.S.A. §6324;

G. That once the applicable appeal period has expired, Plaintiff shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and Plaintiff shall then record the said certification and a copy of this Judgment in the Oxford (East) County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S.A. § 2401(3), such fees and costs so incurred by Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage; and

H. That the Clerk shall enter the following in the docket:

"Order and Judgment of Foreclosure and Sale dated ___February 12___, 20 _20_ for the Plaintiff as a final judgment except for additional Attorney's fees and disbursements and any additional amounts advanced by Plaintiff related to its mortgage security, and said Order is incorporated in the docket by reference. This entry is made in accordance with F.R.Civ.P. 79(a) at the specific direction of the Court."

Dated: _February 12, 2020_          _D. Brock Hornby_
                                     U. S. District Judge

Date entered in the docket: _____


## CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S.A. § 2401(3)(F)

Pursuant to 14 M.R.S.A. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following the entry of judgment.

Dated: _____          _____
                                  Clerk of Court

# EXHIBIT A

PARCEL ONE. Land and Buildings, East Side of Main Street, Andover, Maine. (Dave's Store)

A certain lot or parcel of land, together with the buildings and improvements thereon, situated in the Town of ANDOVER, County of OXFORD, State of MAINE, at Andover Corner, so-called, on the easterly side of the road leading from South Andover to No. 4 District and being part of the so-called A. W. Thomas Hotel Lot, described as follows: COMMENCING at a stone post at the northwest corner of said Hotel Lot; THENCE south from said stone post, 79 FEET, to a stone monument, said monument being 2 FEET south of store and in a direct line from POINT OF BEGINNING to northwest corner of house now or formerly of W. G. Cushman and formerly known as the Gould Place; THENCE easterly from said monument, 83 FEET, in a parallel line with the north line now or formerly of said Cushman, to a stone post; THENCE northerly at right angles with the above line to the road; THENCE westerly on said road to the POINT OF BEGINNING.

RESERVING the water rights as RESERVED and EXCEPTED by Walter M. Barnes in his deed to Romanzo C. Lowe and Clarence B. Newton, said deed being dated March 18, 1909, and recorded in the Oxford County Registry of Deeds on March 24, 1909, in Book 306, at Page 428.

PARCEL TWO. Land and Buildings, East Side of Main Street, Andover, Maine. (The Curiosity Shop)

A certain lot or parcel of land, together with the buildings and improvements thereon, situated in the Town of ANDOVER, County of OXFORD, State of MAINE, and described as follows, viz: COMMENCING at a stone post at the corner of the road leading from Andover to Rumford and from Andover to Byron and running easterly on said road leading to Byron about 12 RODS to a cherry tree; THENCE in a southerly course 6 RODS and 6 LINKS to a stone post marked with a cross (x); THENCE to the east end of the fence as it now stands that divides the dooryard of the Tavern lot, so-called, and Garden lot, so-called, lying north of the John P. Gould or William G. Cushman place, so-called, and on said fence to the aforesaid road leading to Rumford; THENCE northerly on said road to the first mentioned post BEGUN AT.

EXCEPTING and RESERVING a passage way 12 FEET wide to land lying east and south of the above described premises through the southerly side of the dooryard of the said premises as it now is.

EXCEPTING and RESERVING, however, out of the above described premises, a certain portion thereof conveyed to Romanzo C. Lowe and Clarence B. Newton by Walter M. Barnes by his deed dated March 18, 1909, and recorded in the Oxford County Registry of Deeds on March 24, 1909, in Book 306, at Page 428, to which deed and the record thereof, reference is hereby made for a more particular description.